**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SYED MAHMOOD TANWEER HUSSAIN, | ) ) ) | Case No. 3:26-cv-00444 |
| Petitioner, | ) ) | District Judge Stephanie L. Haines |
| v. | ) ) | |
| LEONARD ODDO, et al., | ) ) | |
| Respondents. | ) ) | |

## ORDER

**AND NOW** this 9th day of July, 2026, and for the reasons stated by this Court in *De Armas v. Oddo*, No. 3:26-cv-134, 2026 WL 1815864 (W.D. Pa. June 24, 2026) (holding that the Court has jurisdiction over habeas challenges to continued detention following revocation of supervised release where the challenge concerns the legality of custody, not the final removal order, and is based on an alleged failure to show changed circumstances or a significant likelihood of removal in the reasonably foreseeable future), it is hereby **ORDERED** as follows:

1.  The Amended Petition for Writ of Habeas Corpus, ECF No. 10, is **GRANTED**.

2.  Petitioner is a native of Bahrain and subject to a final order of removal. ECF No. 11, p. 2. Petitioner's birth in Bahrain, however, did not confer citizenship. ECF No. 10, ¶ 20.

3.  Petitioner was previously detained on August 18, 2021, subsequent to his arrest for removal. ECF No. 11, p. 2. Petitioner was later released under an Order of Supervision. *Id.* The Government later revoked Petitioner's release and returned him to custody on April 17, 2025. *Id.* at p. 3.

4. The Court finds Petitioner has now been detained for more than one year and has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Petitioner points to the Government's prior inability, on at least three separate occasions, to remove him; his prior release under an Order of Supervision; the absence of travel documents; the apparent refusal of his country of nationality (Bahrain) to recognize him as a citizen; and the absence of evidence that Bahrain, Pakistan, or any other country, will accept him in the reasonably foreseeable future. ECF No. 14, p. 4.

5. Respondents have not rebutted that showing. Respondents have not identified concrete evidence establishing that Petitioner's removal is significantly likely in the reasonably foreseeable future. Specifically, Respondents have not shown that travel documents have issued; that a removal flight is currently scheduled; that Bahrain, Pakistan, or any other country, has accepted Petitioner; or that any other concrete step has made removal significantly likely rather than merely possible.

6. Nor have Respondents shown that Petitioner's re-detention satisfied 8 C.F.R. § 241.13(i)(2). Where ICE revokes release on supervision for the purpose of removal, the regulation requires a determination, "on account of changed circumstances," that there is a significant likelihood that the noncitizen may be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(i)(2). Respondents have not identified changed circumstances sufficient to justify Petitioner's renewed detention.

7. Respondents shall immediately release Petitioner from custody, subject to and in accordance with the conditions of his preexisting Order of Supervision.

2

8. Respondents shall file a notice certifying compliance with this Order within seven days.

9. With no further action required by the Court at this time, the Clerk of Court shall mark this matter closed.

Stephanie L. Haines
United States District Judge

Cc:   Counsel of record
      (Via CM/ECF electronic mail)